**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT COSTANZO, ) | |
| ) | |
| Petitioner, ) | 3:07-cv-0406-RLH-VPC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| STATE OF NEVADA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This is a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Robert Costanzo, a Nevada prisoner. On July 2, 2008, the Court entered an order (docket #9) informing petitioner that it appeared his petition was barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The Court allowed for petitioner to submit points and authorities, and any evidence he may have, to show that he is entitled to some form of equitable tolling that might save his petition from the effect of the statute of limitations, or that his petition was otherwise timely filed. In response to this Court's order, petitioner filed a motion to show cause why habeas corpus was timely filed (docket #11), in which the petitioner states that he was not aware of his appellate rights.

**I. Discussion**

The AEDPA amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions pursuant to

section 2254.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right assert was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the federal predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).  For convictions that became final prior to the enactment of the AEDPA, a petitioner had until April 24, 1997 to file a federal habeas corpus petition.  *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court.  28 U.S.C. § 2244(d)(2). The United States Supreme Court has stated that to be properly filed, a petitioner must comply with a state's time limits for filing an application for post conviction or other collateral relief.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005) (holding "time limits, no matter their form, are 'filing' conditions" and noting if a state court rejects a petitioner's habeas petition as untimely then the petition is not "properly filed" under the statute and statutory tolling is not proper).

### A. Application to the Instant Case

In the present case, petitioner was convicted prior to the enactment of the AEDPA, on August 12, 1985, therefore he had until April 24, 1997, to file a federal habeas corpus petition unless the limitations period was otherwise tolled. Petitioner filed two state habeas corpus petitions that were decided prior to April 24, 1997. Petitioner then filed a state habeas corpus petition on October 16, 2006. However this state petition did not toll the limitations period as it was not properly filed, as the state petition was filed after petitioner's one year time limitation had already expired. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the time limitation under the AEDPA has already run); *Pace*, 544 U.S. at 414-17.

Petitioner had until April 24, 1997, in which to file his federal habeas corpus petition as the limitations period was not otherwise tolled. The instant federal petition was received in this court on September 10, 2007. The petition was filed more than ten years after the limitations period expired. Petitioner's federal habeas corpus petition was untimely filed, and must be dismissed unless petitioner can show that he is entitled to equitable tolling of the limitations period.

### B. Equitable Tolling

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner argues that he was not informed of his appellate rights, and thought he had no right to appeal. While this may be true, as the petitioner did not appeal his judgment of conviction, petitioner still cannot show that he has been diligently pursuing his rights. Petitioner filed a state habeas corpus petition on March 4, 1988, and another petition on March 6, 1995. Petitioner has not shown that he was incapable of preparing and filing a federal habeas corpus petition by April 24, 1997. Petitioner filed several state petitions before and after the time limitations expired. Equitable tolling of the statute of limitations is not warranted as petitioner has not demonstrated a diligent pursuit of his rights and extraordinary circumstances beyond his control.

The federal habeas corpus petition was filed over ten years late without valid justification for the delay, and therefore will be dismissed.

**II. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

4

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003).  Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct.  In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed.  The Court did not reach the merits of any of petitioner's constitutional claims.  Petitioner's habeas petition was filed beyond the one-year time limitation and petitioner failed to demonstrate that he is entitled to equitable tolling of the statute of limitations in this case.  No reasonable jurist could conclude that this Court's procedural ruling was in error.  Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (docket #10) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

**Dated this 17th day of December, 2008.**

_____
CHIEF UNITED STATES DISTRICT JUDGE